UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Jennifer ROSSMAN; individually and on behalf of all similarly situated individuals,
Plaintiff,

v.

DOLLAR GENERAL CORPORATION, and DOLGENCORP of NEW YORK, INC,
Defendants.

CIVIL CASE NO.: 6:18-cv-573 (FJS/TWD)

**CLASS ACTION COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. Plaintiff Jennifer Rossman, an individual with a mobility disability who uses a wheelchair, brings this action individually and on behalf of all others similarly situated against Defendants for failing to make their retail locations accessible in violation of Title III of the Americans with Disabilities Act and its implementing regulations, 42 U.S.C. §12181 *et seq.* ("ADA"), 28 C.F.R. § 36.101 *et seq.*, New York Executive Law §296, and New York Civil Rights Law §40-c.

## JURISDICTION

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; and 28 U.S.C. § 1343 for actions under laws providing for the protection of civil rights.

3. This Court has supplemental jurisdiction over claims based in New York State Law pursuant to 28 U.S.C. § 1367.

4. Declaratory and injunctive relief are sought under 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue in the Northern District of New York is proper under 28 U.S.C. §1391, as it is the judicial district in which a substantial portion of the events or omissions giving rise to the claims alleged herein occurred.

## PARTIES

6. Plaintiff, Jennifer Rossman, is a resident of Oneonta, New York.

7. Plaintiff has a mobility disability that substantially limits one or more of her major life activities, including walking.

8. Plaintiff uses a wheelchair for mobility.

9. The Defendant, DOLLAR GENERAL CORPORATION, is a foreign corporation authorized to conduct business in the State of Tennessee, and derives substantial revenue from business conducted in the New York State.

10. The Defendant, DOLLAR GENERAL CORPORATION, has a principal place of business at 100 Mission Ridge, City of Goodlettsville, State of Tennessee.

11. The Defendant, DOLGENCORP of NEW YORK, INC., is a foreign corporation authorized to conduct business in New York State.

12. The Defendant, DOLGENCORP of NEW YORK, INC., has a principal place of business at 100 Mission Ridge, City of Goodlettsville, State of Tennessee.

13. Collectively, the Defendants operate a retail business establishment known as "Dollar General" at locations across New York State.

## STATUTORY AND REGULATORY FRAMEWORK

14. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

15. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

16. Title III of the ADA prohibits discrimination in the activities of places of public accommodation.

17. Title III of the ADA requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. §§ 12181-89.

18. Defendants are required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992. 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv).

19. If there has been an alteration to Defendants' places of public accommodation since January 26, 1992, the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs. 28 C.F.R. § 36.402.

20. If the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1992, as defined in 28 C.F.R. § 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. New York State's Human Rights Law and Civil Rights Law provide similar protections as the ADA to New Yorkers with disabilities.

22. New York State Law requires that places of public accommodations remove architectural barriers to ensure that individuals with disabilities are not excluded because they rely on a mobility device. N.Y. Executive Law § 296(2)(c)(iii).

23. Additionally, all New Yorkers with disabilities are entitled under New York State Law to the full and equal accommodation, advantages, facilities, and privileges of any place of public accommodation. N.Y. Civil Rights Law §§ 40, 40-c.

24. Defendants own, operate, control and/or lease places of public accommodation.

25. The ADA and New York State Law impose on the Defendants a mandatory requirement to make places of public accommodation accessible to individuals with disabilities.

26. Defendants' facilities are not fully accessible to individuals who use wheelchairs.

27. Defendants' facilities are not independently usable by individuals who use wheelchairs.

## STATEMENT OF FACTS

### THE NAMED PLAINTIFF

28. Plaintiff relies on a wheelchair for mobility.

29. Plaintiff uses her wheelchair at home and in the community.

30. On or about June 3, 2017, Plaintiff visited Dollar General Store #10652, ("Store #10652") located at 76 Chestnut Street, Oneonta, New York.

31. Plaintiff could not navigate in her wheelchair around Store #10652 because there were physical impediments and obstacles, including but not limited to:

a. merchandise stacked on the floor and in aisles,

b. large stocking carts placed at the ends of aisles blocking or narrowing the aisle pathway,

c. cardboard merchandise displays blocking or narrowing the aisle pathway, and

d. items arranged outside the store which blocked the curb ramp from the parking lot to the entrance.

32. The impediments and obstacles listed in Paragraph 33 prevented Plaintiff from navigating portions of Store #10652 in her wheelchair.

33. On July 18, 2017, on behalf of the Plaintiff, Disability Rights New York ("DRNY") sent a letter to Defendants advising them of accessibility barriers at Store #10652.

34. On August 8, 2017, Defendants sent a letter to DRNY which said that "each aisle in the store [would be] both clear and accessible" and that the store manager will review "Dollar General's internal policies concerning store accessibility" at Store #10652.

35. Further, the August 8th letter stated that "[s]tore employees were reminded to follow these internal stocking guidelines, which require that employees do not allow aisles to become blocked or obstructed during stocking and do no leave stocking carts unattended on the sales floor during operation hours."

36. Defendants also advised DRNY that they would remove stocking carts kept in front of the store to improve curb cut accessibility.

37. Plaintiff went to Store #10652 again on or about October 13, 2017.

38. During the October 2017 visit, Plaintiff could not navigate her wheelchair around Store #10652.

39. During her October 2017 visit to Store #10652, Plaintiff encountered physical impediments and obstacles.

40. Defendants' Store #10652 continues to be inaccessible to Plaintiff.

## FACTS PERTAINING TO THE CLASS

41. Defendants own and operate over 14,500 Dollar General stores in 44 states across the United States.

42. Defendants operate over 325 Dollar General stores in New York State.

43. Between November 2017 and January 2018, DRNY visited and documented physical impediments and obstacles at 83 Dollar General stores across New York State.

44. At least 75 of Defendants' stores have aisles with overflow merchandise or merchandise displays placed on the floor blocking the aisle pathway.

45. At least 61 of Defendants' stores have aisles narrower than the minimum accessibility standards set forth in the ADA and its implementing regulations.

46. At least 31 of Defendants' stores have level changes, including,

a. level changes greater than half an inch,

b. no curb ramps or bevels, and

c. inaccessible sloped entrance ramps.

47. At least nine of Defendants' stores have designated accessible parking that either,

a. does not connect to an exterior accessible route, or,

b. impermissibly utilizes the vehicular way in lieu of an exterior accessible route, or

c. does not connect to an exterior accessible route and utilizes the vehicular way in lieu of an exterior accessible route.

48. In at least 29 of Defendants' stores, the drinking fountain is blocked for one or more of the following reasons,

a. merchandise is stacked in front of or on top of the drinking fountain,

b. the route to the drinking fountain is blocked by merchandise, or

c. the drinking fountain itself is installed in an inaccessible location.

49. At least 28 of Defendants' stores have merchandise or other materials blocking the restroom, making the bathroom inaccessible to users of wheelchairs or other mobility devices.

50. At least seven of Defendants' stores have emergency egresses which have at least one of the following inaccessible features,

a. steps,

b. sliding bolts greater than five feet from the floor securing the egress door, or

c. egress doors obstructed or blocked by merchandise.

51. At least six of Defendants' stores have doors with one or more inaccessible feature, including but not limited to,

a. too heavy,

b. require an inaccessible amount of force to open,

c. close too hard, or

d. close too fast.

52. Plaintiff and other similarly situated individuals are unable to patronize Store #10652.

53. Plaintiff and other similarly situated individuals are unable to fully and safely access Defendants' Dollar General stores in New York State.

54. Plaintiff intends to return to Defendants' Dollar General stores.

55. So long as Defendants' inadequate ADA compliance policies and practices remain in place, Plaintiff is unable to fully and safely patronize Defendants' Dollar General stores.

56. Without injunctive relief, Defendants continue to discriminate against Plaintiff and individuals similarly situated by denying individuals who use mobility devices equal access to Dollar General stores, in violation of the ADA and New York State law.

## CLASS ALLEGATIONS

57. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all individuals who use mobility devices who have attempted, or will attempt, to patronize the Dollar General stores which Defendants owns or controls in New York State.

58. The named Plaintiff and each member of the class have a mobility disability that substantially limits one or more major life activities. They are therefore individuals with disabilities protected by the ADA.

59. The named Plaintiff and each member of the class are individuals with a physical impairment which prevents their exercise of the normal bodily function of walking. They are therefore individuals with disabilities protected by the New York Executive Law §296, and New York Civil Rights Law §§ 40 and 40-c.

60. The class is so numerous that joinder of all members in one action would be impracticable and inefficient.

61. There are questions of law and fact common to Plaintiff and members of the class. These questions include, but are not limited to:

a. Whether Defendants operate places of public accommodation and are subject to Title III of the ADA and its implementing regulations;

b. Whether Defendants are subject to New York Executive Law §296, and New York Civil Rights Law §§ 40 and 40-c;

c. Whether storing merchandise in aisles and outside of the store makes the stores inaccessible to Plaintiff and class members;

d. Whether storing merchandise in the bathroom and around egress doors makes the stores inaccessible to Plaintiff and class members; and

e. Whether Defendants' storage, stocking and setup policies and practices discriminate against Plaintiff and class members.

62. The claims of the Plaintiff are typical of the claims of the class members because the Defendants' stores are inaccessible to each of the class members in the same way as they are inaccessible to Plaintiff.

63. Individuals with mobility disabilities who use wheelchairs or other devices, including Plaintiff and class members, cannot navigating stores with merchandise and displays that narrow the aisles, have insufficient or non-existent curb cuts or ramps, have steps level changes into the stores, have objects blocking bathrooms, water fountains, egress doors, and other areas open to Defendants' customers, and have other barriers that do not meet minimum accessibility standards set forth in the Americans with Disabilities Act.

64. Plaintiff seeks injunctive relief to ensure Defendants are enjoined to change their business policies and practices that discriminate against Plaintiff and the class members.

65. By pursuing her interest in relief, Plaintiff will advance the interests of all class members.

66. Plaintiff will fairly and adequately protect the interests of the class because she has the requisite personal interest in the outcome of this case, her interests are not antagonistic to those in the class, and they are represented by counsel experienced in complex class action litigation generally, and in litigation involving the rights of people with disabilities specifically.

67. There are no conflicts of interest between the Plaintiff and class members, and Plaintiff will vigorously prosecute this action on behalf of the class.

68. Defendants have acted and will act on grounds generally applicable to each member of the plaintiff class, thereby making final declaratory and injunctive relief with respect to the class as a whole appropriate.

69. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

70. Without a class action, Defendants will likely continue their policy and practice of operating stores that are inaccessible to Plaintiff and the class members.

## FIRST CAUSE OF ACTION

### THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §§ 12111-12213

71. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

72. Plaintiff is an individual with a mobility disability which results in a physical impairment that substantially limit one or more major life activity

73. As a result of her disability, Plaintiff relies on a wheelchair for mobility.

74. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

75. Title III of the Americans with Disabilities Act prohibits discrimination against individuals with disabilities at places of public accommodation.

76. The ADA requires that places of public accommodation comply with accessibility standards so facilities are readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. §§ 12181-89; 28 C.F.R. § Pt. 36.

77. Defendants' Dollar General stores are places of public accommodation as defined by the ADA. 42 U.S.C. § 12181(7)(E).

78. Defendants discriminate against Plaintiff and other individuals with disabilities who rely on mobility devices by denying them a full and equal opportunity to enjoy the services Defendants provide. 42 U.S.C. §§ 12182, 12183(a)(1) and 28 C.F.R. § Pt. 36.

79. Defendants do not alter, design, construct, or maintain Dollar General stores to ensure they are readily accessible to, and useable by individuals with disabilities. 42 U.S.C. § 12183(a)(1).

80. Defendants' conduct is ongoing, making declaratory and injunctive relief against Defendants appropriate pursuant to 42 U.S.C. § 12182, as well as Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

## SECOND CAUSE OF ACTION

### THE NEW YORK STATE HUMAN RIGHTS LAW
### N.Y. EXECUTIVE LAW § 296(2)

81. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

82. The New York State Human Rights Law violations alleged herein are related to the same case and controversy forming the basis of the causes of action alleged pursuant to Federal Law.

83. The New York State Human Rights Law makes it unlawful for an owner of a place of public accommodation to deny an individual with a disability, directly or indirectly, any of the advantages, facilities, or privileges of such a place of public accommodation. N.Y. Executive Law §296(2)(a).

84. Plaintiff is an individual with a disability within the meaning of Executive Law §292(21) because she is an individual with a physical impairment which prevents the exercise of the normal bodily function of walking.

85. Discrimination under N.Y. Executive Law § 296 includes an owner's refusal to remove architectural barriers at existing places of public accommodation, or a refusal to take such steps necessary to ensure that an individual with a disability is not excluded or denied services at places of public accommodation because they use a mobility device. N,Y. Executive Law § 296(2)(c)(iii).

86. Defendants are subject to N.Y. Executive Law § 296 because Dollar General stores are places of public accommodations as defined by New York State and Federal Law.

87. Defendants fail to remove architectural barriers in their places of public accommodation.

88. Defendants discriminate against Plaintiff and other individuals with disabilities by refusing to remove architectural barriers in their stores in violation of New York's Human Rights Law.

89. Because Defendants' discriminatory and unlawful conduct is ongoing, declaratory and injunctive relief against Defendants are appropriate pursuant to N.Y. Executive Law § 296, as well as 28 U.S.C. § 1367, Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

**THIRD CAUSE OF ACTION**

**N.Y. CIVIL RIGHTS LAW §§ 40, 40-c**

90. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

91. The New York State Civil Rights Law violations alleged herein are related to the same case and controversy forming the basis of the causes of action alleged pursuant to Federal Law.

92. All persons in New York State are entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation unless otherwise limited by law. N.Y. Civil Rights Law §§ 40, 40-c.

93. Plaintiff is a person entitled to the protections of N.Y. Civil Rights Law §§ 40, 40-c because all persons in the State of New York are entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, which includes any store. N.Y. Civil Rights Law § 40.

94. It is unlawful to discriminate against a person on the basis of their disability if that person is disabled under the definition found in Executive Law § 292(21). N.Y. Civil Rights Law § 40-c.

95. Under N.Y. Civil Rights Law § 40-c, a violation of N.Y. Civil Rights Law § 40 constitutes discrimination.

96. Defendants have directly or indirectly engaged in conduct that discriminates against Plaintiff and other individuals with disabilities in violation of New York's Civil Rights Law by operating stores which do not provide full and equal privileges to people with disabilities who rely on devices for mobility.

97. Because Defendants' discriminatory and unlawful conduct is ongoing, declaratory and injunctive relief against Defendants are appropriate pursuant to Executive Law §§ 40, 40-c, as well as 28 U.S.C. § 1367, Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

**DEMAND FOR JURY TRIAL**

98. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of the Class, demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jennifer Rossman, individually and on behalf of all members of the class, request the following relief:

a. A Declaratory Judgement against Defendants DOLLAR GENERAL CORPORATION, and DOLGENCORP OF NEW YORK, INC. on the basis of their having violated the Americans with Disabilities Act 42 U.S.C. §§ 12111-12213; New York Executive Law §296, and New York Civil Rights Law § 40-c because the Defendants' stores, as described above, are inaccessible to, and not independently useable by, individuals with disabilities who use devices for mobility; and,

b. A Permanent Injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a) enjoining the Defendants from discriminating against individuals with disabilities and requiring the Defendants to:

    1. Take all necessary steps to remove the access barriers and to bring their facilities into full compliance with the requirements set forth in the ADA and its implementing regulations, so that their facilities are fully

accessible to, and independently useable by, individuals with mobility related disabilities;

2. Change their corporate policies and practices to prevent the reoccurrence of access barriers post-remediation;

3. Provide Plaintiff and her counsel bi-annual reports for five years from the date of judgement outlining the measures taken by Defendants to remediate the access barriers present in their stores, as well as measures taken to correct their business practices, such reports to include data collected and reviewed by professional third parties engaged in architecture, engineering, or similar relevant field; and,

4. Permit Plaintiff and her counsel to monitor Defendants' facilities for a period of five years to ensure that the injunctive relief so ordered above is achieved and remains in place.

c. An Order certifying the class proposed by the Plaintiff, and naming the Plaintiff as class representative, and appointing DRNY as class counsel;

d. Damages, in an amount to be determined by this Court;

e. Payment of the costs of suit;

f. Reasonable attorney's fees; and,

g. Any other relief as this Court may deem just and proper under the circumstances.

DATED: May 15, 2018
Rochester, New York

Ryan J. McDonald, Esq.
*Bar Roll No.* 520954

Jennifer Monthie, Esq.
*Bar Roll No.* 512427

DISABILITY RIGHTS NEW YORK
44 Exchange Boulevard
Suite 110
Rochester, New York 14614
(518) 432-7861 (telephone)
(518) 427-6561 (facsimile) (not for service)