IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA NOCERA, TRACY MICHEL, JENNIFER ROSSMAN, ANGELA RENEAU, FELICIA SAMMARCO, JOHN J. NOTTO, STEVEN WILLNER and HEATHER SHARP, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>DOLLAR GENERAL CORPORATION D/B/A DOLLAR GENERAL, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, DOLGEN NEW YORK, LLC, DG RETAIL, LLC, AND DOLGEN CALIFORNIA, LLC,<br><br>Defendants. | Case No. 2:18-cv-01222-WSS |

**▉▉▉▉▉▉▉▉ FINAL APPROVAL ORDER AND JUDGMENT**

On January 27, 2021, Court entered an order granting Plaintiffs' Amended Motion for Preliminary Approval of Class Settlement (the "Preliminary Approval Order") (ECF 78).

On February 10, 2021 pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Litigation, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement and/or appear at the final approval hearing.

On May 12, 2021, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits.

Class Counsel had previously filed their Application for Attorneys' Fees, Expenses and Service Awards and accompanying Memorandum of Law and supporting exhibits on February 10, 2021 (ECF 81).

1

On May 19, 2021, the Court held a final approval hearing to determine, inter alia, (1) whether the Settlement Agreement is consistent with the requirements of Federal Rule of Civil Procedure 23; (2) whether the class settlement is fair, reasonable, and adequate; and (3) whether judgment should be entered dismissing all claims in the Second Amended Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration confirming that Notice was disseminated in accordance with the Settlement Agreement and the Preliminary Approval Order. Though this Settlement Class is certified under Fed. R. Civ. P. 23(b)(2), and notice to the Class was therefore not mandatory, the Parties elected to request that notice be disseminated to the Class, and the Court agrees that the notice disseminated on behalf of the Parties was appropriate and reasonable.

Having given an opportunity to be heard by all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and that the settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, expenses and service awards, and having reviewed the materials in support thereof, and good cause appearing in the record, and;

**IT IS HEREBY ORDERED THAT** Plaintiffs' Final Approval Motion is **GRANTED,** and Class Counsel's Application for Attorneys' Fees, Expenses and Service Awards is **GRANTED**, and;

**IT IS FURTHER ORDERED THAT**:

1.  The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.  The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.  The Settlement Agreement is in all respects fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that Plaintiffs and the Settlement Class faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement Agreement.

4.  This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement and the plans for Injunctive Relief for the Class. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and adequate and in the best interests of the Class. Therefore, all Class members are bound by the Settlement Agreement and this Final Approval Order and Judgment.

5.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.  The Parties shall effectuate the Settlement Agreement in accordance with its terms.

## OBJECTIONS

7. No objections were filed by Class members.

8. All persons who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections to the Settlement Agreement, including but not limited to by appeal, collateral attack or otherwise.

## CLASS CERTIFICATION

9. For purposes of the class settlement and this Final Approval Order and Judgment, the Court hereby certifies for settlement purposes only the following Class:

> All individuals with qualifying disabilities who use wheelchairs, scooters, or any other device for mobility and who have been, or in the future during the term of the Settlement Agreement will be, denied the full and equal enjoyment of the Stores owned and/or operated by Dollar General in the United States because such persons encountered Access Barriers at those stores.

10. The Court determines that for settlement purposes the Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; and that the legal issues central to this Lawsuit apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate in respect to the Class as a whole.

11. The Court grants final approval to the appointment of the named Plaintiffs as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Class and will continue to do so.

12. The Court grants final approval to the appointment, pursuant to Rule 23(g), of R. Bruce Carlson of Carlson Lynch, LLP and Christina Asbee of Disability Rights New York as Class Counsel. The Court concludes that Class Counsel have adequately represented the Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

13. The Court finds that Notice, set forth in the Settlement Agreement and Preliminary Approval Order, satisfied Rule 23(c)(2), was appropriate under the circumstances presented by this case in that it provided due and sufficient notice to the Class of the pendency of the Litigation, the existence and terms of the Settlement Agreement, the right to object to the Settlement Agreement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

14. The Court finds that Dollar General has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND PAYMENT TO NAMED PLAINTIFFS

15. The Court has considered Class Counsel's Motion for attorneys' fees, costs, expenses and service awards.

16. Pursuant to Rule 23(h), the Court awards Class Counsel $385,000.00 as an award of reasonable attorneys' fees and costs to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable.

17. The Court grants Class Counsel's request for payment to the named Plaintiffs in exchange for a full general release of any claims for damages and for their service in this action, and awards $1,000.00 to each of the named Plaintiffs. The Court finds that this payment is further

justified by their service to the Class. Payments to the name Plaintiffs shall be paid in accordance with the Settlement Agreement.

## OTHER PROSIVISONS

18. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19. Within the time period set forth in the Settlement Agreement, the Injunctive Relief for the Class shall be implemented.

20. As of the Effective Date, the Release provisions of the Settlement Agreement shall be operative.

21. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, and proceedings related to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, and fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Dollar General or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

22. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Settlement Agreement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Class member, or any other person has suffered any damage; provided, however, that nothing in the foregoing, the Settlement Agreement or this Final Approval Order and Judgment, shall be interpreted to prohibit the use of the Settlement Agreement and Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement Agreement or this Final

Approval Order and Judgment (including all releases in the Settlement Agreement and Final Approval Order and Judgment), or to defend against the assertion of any released claims in any other proceeding, or as otherwise required by law.

23. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to released claims (and other prohibitions set forth in the Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Class member or any other to the provisions of this Final Approval Order and Judgment.

24. The Court hereby dismisses the Litigation and Amended Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

25. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Order and Judgment.

IT IS SO ORDERED:

Dated: May 19, 2021

The Honorable William S. Stickman, IV